```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STRATTON NEAL PEAY           :      CIVIL ACTION
                             :
       v.                    :
                             :
DONALD VAUGHN et al.         :      NO. 02-2688
```

                              ORDER

        AND NOW, this 21st day of March, 2003, upon consideration of defendant Ralph W. Smith, M.D.'s motion to dismiss the amended complaint (docket entry # 20), plaintiff Stratton Neal Peay's response, and the Court finding that:

        (a)  On January 30, 2003, Peay, who is an inmate at the State Correctional Institute at Graterford ("SCIG"), filed an amended complaint stating claims under 42 U.S.C. § 1983 against various officers and administrators at SCIG; Correctional Health Care, Inc.; and Dr. Ralph W. Smith, who is either a present or former physician at SCIG[1];

        (b)  The complaint seeks declaratory relief, damages, and attorney fees from all defendants, see Compl. ¶¶ 36-39;

        (c)  Dr. Smith has moved to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6)[2];

---

[1] The record is unclear on Dr. Smith's present status. While the amended complaint alleges that Dr. Smith is employed at SCIG, Compl. ¶ 9, the other defendants' answer to the amended complaint states that he "formerly practiced at SCI-Graterford through an independent contractor."  Amend. Ans. at 1.

[2]  In resolving a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), we look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  We accept as true all factual allegations in the complaint, and we draw all reasonable inferences therefrom in the light most favorable to

(d)   Dr. Smith first argues that Peay has failed to pursue any grievances through the Pennsylvania Department of Correction's three-tiered Consolidated Inmate Grievance Review Procedure, Policy No. DC-ADM 804 and therefore has not complied with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("Section 1997e(a)"), which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted;

(e)   Our Court of Appeals has held that a prisoner satisfies Section 1997e(a) if his compliance with the prison grievance process is "substantial," but it has declined to provide further guidance, see Nyhuis v. Reno, 204 F.3d 65, 77 (3d Cir. 2000) (noting that "the case law in th[is] area will have to develop");

(f)   Peay notes that he filed seven grievances at Graterford and pursued, or at least attempted to pursue, one of them, Grievance Number 12161, to the final review stage;

---

the non-movant. General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 325 (3d Cir. 2001). Although we need not accept as true "unsupported conclusions and unwarranted inferences," we must deem the complaint to have alleged sufficient facts if it adequately provides the defendants with notice of the essential elements of the plaintiff's claims. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000); Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997). We may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

       (g)   Given that our Court of Appeals has held that compliance with the state's administrative scheme need only be "substantial", and especially given the fact that Peay's counsel alleges that he been experiencing mental problems and suicidal thoughts since 2001, see Pl.'s Resp. at 2, we are exceedingly reluctant to conclude at the motion to dismiss stage that Peay did not exhaust his administrative remedies[3];

       (h)   Dr. Smith next argues that Peay fails to state a claim for deliberate indifference;

       (i)   Dr. Smith does not seriously contend that Peay has failed to state a claim against him in the amended complaint, which alleges, inter alia, that Dr. Smith denied Peay treatment after he was sexually assaulted by another inmate and began to experience a bleeding rectum, constipation, stomach pain and nausea, see Amend. Compl. ¶¶ 17-21;

       (j)   Instead, Smith invites us to compare the factual allegations in the original (pro se) complaint to the allegations in the amended (counseled) complaint, and then, based on the factual "admissions" in the original complaint, conclude that Peay has failed to allege that he has a serious medical need and that Dr. Smith acted with deliberate indifference, see Def.'s Mot. ¶¶ 8-9;

---

[3] Dr. Smith and the other defendants, who preserved the exhaustion issue in their answer to the amended complaint, are free to raise it in a motion for summary judgment after the record in this case is more complete.

   (k) We decline Dr. Smith's invitation to adopt this strategy;

   (l) Not only are we bound to view the evidence in the light most favorable to the plaintiff in resolving a motion to dismiss, but Dr. Smith's proposed strategy would utterly subvert a plaintiff's right to file an amended complaint, <u>see</u> <u>generally</u> Fed. R. Civ. P. 15(a);

   It is hereby ORDERED that defendant's motion to dismiss is DENIED.

           BY THE COURT:

           _____
           Stewart Dalzell, J.