UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRATTON NEAL PEAY, | : |
| | CIVIL ACTION |
| vs. | :   NO. 02-2688 |
| | |
| SUPERINTENDENT DONALD VAUGHN, | |
| JULIE KNAUER, RALPH W. SMITH, | : |
| SGT. THOMAS and CORRECTIONAL | |
| HEALTH CARE, INC. | : |

**ANSWER WITH AFFIRMATIVE DEFENSES
TO PLAINTIFF'S, STRATTON NEAL PEAY, AMENDED COMPLAINT**

Answering defendant, Ralph W. Smith, M.D. ("Smith"), by and through his attorneys, Gold, Butkovitz & Robins, P.C., hereby responds to the Plaintiff's, Stratton Neal Peay ("Peay"), Amended Complaint, and states as follows:

1. No response is required. Plaintiff's amended complaint speaks for itself.

2. Denied. Answering defendant specifically denies all averments pertaining to jurisdiction, and strict proof thereof is demanded.

3. Admitted.

4. Denied. Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a), in failing to complete and fully avail himself of the administrative remedies provided pursuant to Department of Corrections policy DC-ADM804.

5. It is admitted that the Plaintiff is an inmate incarcerated at the State Correctional Institution at Graterford ("SCI-Graterford").

6. Denied. The averments contained in this paragraph constitute conclusions of law to

which no response is required under the Federal Rules of Civil Procedure, and the same are therefore denied. Strict proof thereof is demanded.

    7.    Denied. The averments contained in this paragraph pertain to a defendant other than answering defendant, and no response is therefore required. Strict proof thereof is demanded.

    8.    Denied. The averments contained in this paragraph pertain to a defendant other than answering defendant, and no response is therefore required. Strict proof thereof is demanded.

    9.    It is admitted that answering defendant, Smith, is a physician who provides medical care to inmates at SCI-Graterford.

    10.    Denied. The averments contained in this paragraph pertain to a defendant other than answering defendant, and no response is therefore required. Strict proof thereof is demanded.

    11.    Denied. Answering defendant is unaware of the existence of any entity named "Correctional Health Care, Inc."

    12.    Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, and the same are therefore denied. Strict proof thereof is demanded.

    13.    Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied. Strict proof thereof is demanded.

    14.    Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied. Strict proof thereof is demanded.

    15.    Denied. Answering defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments contained in this paragraph, and the same are therefore denied. Strict proof thereof is demanded.

16. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied. Strict proof thereof is demanded.

17. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied. Strict proof thereof is demanded. In addition, in his original Complaint, Plaintiff swore to the following: "I may have been drugged and raped" but that "I wasn't clear on whether or not I was actually drugged and raped." (Plaintiff's Complaint, at page 5)

18. Denied. With regard to what Plaintiff may or may not have reported to defendant, Vaughn, answering defendant is without knowledge or information sufficient to form a belief as to the truth of that averment, and the same is therefore denied, and strict proof thereof demanded. In addition, it is specifically denied that answering defendant, Smith, has any duty to, responsibility to, authority or ability to conduct any investigations at SCI-Graterford as to claims by inmates of the alleged criminal conduct of others.

19. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied. Strict proof thereof is demanded.

20. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied. Strict proof thereof is demanded.

21.     Denied.  It is specifically denied that answering defendant ever denied any appropriate or indicated medical treatment to the Plaintiff.

22.     Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied.  Strict proof thereof is demanded.

23.     Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied.  Strict proof thereof is demanded.

24.     Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied.  Strict proof thereof is demanded.

25.     Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied.  Strict proof thereof is demanded.

26.     Denied.  It is specifically denied that answering defendant has failed to provide Plaintiff with appropriate and indicated medical treatment.

27.     Denied.  It is specifically denied that answering defendant has failed to provide Plaintiff with appropriate and indicated medical treatment.  In addition, answering defendant is unaware of the existence of any entity named "Correctional Health Care, Inc."

28.     Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied.  Strict proof thereof is demanded.  In addition, it is denied that Plaintiff has exhausted his administrative

remedies as to any of the claims contained in his complaint or amended complaint.

29. Answering defendant hereby incorporates by reference, his responses to the previous paragraphs of Plaintiff's Amended Complaint, as if set forth fully herein at length.

30. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are therefore denied. Strict proof thereof is demanded. The remaining averments contained in this paragraph constitute conclusions of law to which no response is required, and the same are therefore denied. Strict proof thereof is demanded.

31. Denied. It is specifically denied that answering defendant denied the Plaintiff any appropriate and indicated medical treatment. In addition, answering defendant is unaware of the existence of any entity named "Correctional Health Care, Inc." The remaining averments contained in this paragraph constitute conclusions of law to which no response is required, and the same are therefore denied. Strict proof thereof is demanded.

32. Denied. It is specifically denied that answering defendant denied the Plaintiff any appropriate and indicated medical treatment. In addition, answering defendant is unaware of the existence of any entity named "Correctional Health Care, Inc." The remaining averments contained in this paragraph constitute conclusions of law to which no response is required, and the same are therefore denied. Strict proof thereof is demanded.

33. Denied. It is specifically denied that answering defendant has any authority or ability to control the housing placement of inmates within the prison, or to determine their incarceration status, or that answering defendant is involved in such determinations. With regard to the allegations pertaining to other defendants, answering defendant is without knowledge or information sufficient to form a belief as

to the truth of those averments, and the same are therefore denied. Strict proof thereof is demanded. The remaining averments contained in this paragraph constitute conclusions of law to which no response is required, and the same are therefore denied. Strict proof thereof is demanded.

34.  Denied. It is specifically denied that answering defendant, Smith, has any duty to, responsibility to, authority or ability to conduct any investigations at SCI-Graterford as to claims by inmates of the alleged criminal conduct of others. The remaining averments contained in this paragraph constitute conclusions of law to which no response is required, and the same are therefore denied. Strict proof thereof is demanded.

35.  Denied. The averments contained in this paragraph pertain to a defendant other than answering defendant, and no response is therefore required. Strict proof thereof is demanded.

36.  It is denied that the Plaintiff is entitled to any declaratory relief, the nature of which Plaintiff fails to allege in his amended complaint.

37.  It is denied that the Plaintiff is entitled to any compensatory damages.

38.  It is denied that the Plaintiff is entitled to any punitive damages.

39.  It is denied that the Plaintiff is entitled to any award of attorney fees.

40.  It is denied that the Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth a cause of action pursuant to 42 U.S.C. §1983 since answering defendant has engaged in no conduct that constitutes deliberate indifference to a serious medical need, and since answering defendant had no subjective knowledge that his actions presented a substantial risk of harm to the plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth a cause of action pursuant to 42 U.S.C. §1983 since he fails to suffer from a serious medical need to which he alleges answering defendant was deliberately indifferent.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to identify a serious medical need.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action pursuant to 42 U.S.C. §1983 since at all times answering defendant has acted in good faith without subjective appreciation that his alleged actions deprived the plaintiff of his constitutional rights.

## FIFTH AFFIRMATIVE DEFENSE

Any injuries allegedly suffered by the plaintiff resulted from the conduct of third parties unrelated to answering defendant and for whom answering defendant has no duty or ability to control or direct.

## SIXTH AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred because the procedure for awarding punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Answering defendant pleads as defenses all limitations on damages imposed by the Prison Litigation Reform Act of 1996, 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately and fully exhaust his administrative remedies as required by the

Prison Litigation Reform Act.

### NINTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims asserted in this case have been the subject of prior litigation in the federal and/or state courts of Pennsylvania, have been previously dismissed with prejudice, and are therefore barred in this action, and are subject to res judicata and collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE

Answering defendant at all times reasonably believed that he had not violated clearly established law concerning the Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments. Thus answering defendant has a qualified immunity which protects him from liability under 42 U.S.C. §1983.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

At all times relevant, the treatment rendered by answering defendant was reasonable and appropriate, non-negligent, and within the applicable standard of care.

### THIRTEENTH AFFIRMATIVE DEFENSE

Answering defendant hereby asserts any and every defense available to him, not otherwise specified above, pursuant to applicable federal and state statutes.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering defendant reserves the right to supplement these affirmative defenses as investigation and discovery in this matter proceeds.

**WHEREFORE**, answering defendant, Ralph Smith, M.D., respectfully requests that this Honorable Court enter judgment in his favor, and against the Plaintiff, including attorney fees and costs.

Respectfully submitted,

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
ALAN S. GOLD
SEAN ROBINS
Attorneys for Defendant,
Ralph Smith, M.D.

7837 Old York Road
Elkins Park, PA  19027
(215) 635-2000

DATE:_____

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the within Answer with Affirmative Defenses to the Amended Complaint of Plaintiff, Stratton Neal Peay, has been served upon the following, via U.S. mail, first class, postage prepaid on the date given below.

Angus R. Love, Esquire
Suite 523
924 Cherry Street
Philadelphia, PA 19107

        GOLD, BUTKOVITZ & ROBINS, P.C.


BY: _____
     ALAN S. GOLD
     SEAN ROBINS
     Attorneys for Defendant,
     Ralph Smith, M.D.

     7837 Old York Road
     Elkins Park, PA  19027
     (215) 635-2000

DATE:_____