UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRATTON NEAL PEAY, | : |
| | CIVIL ACTION |
| v. | : NO. 02-2688 |
| | |
| SUPERINTENDENT DONALD VAUGHN, | |
| JULIE KNAUER, RALPH W. SMITH, | : |
| SGT. THOMAS and CORRECTIONAL | |
| HEALTH CARE, INC. | : |

**NOTICE OF MOTION**

TO:  Angus R. Love, Esquire           Patrick J. McMonagle, Esquire
     Institutional Law Project         Office of Attorney General
     924 Cherry Street, Suite 523      Philadelphia, PA 19107-3603
     Philadelphia, PA 19107

Notice is hereby given that defendant Ralph W. Smith, M.D., has filed with the Clerk of the Court a Motion for Summary Judgement, along with Brief in Support thereof, proposed form of Order, Notice of Motion, and Certificate of Service, on the date given below.  Please be advised that you are required to respond to this Motion within the applicable time period set forth in the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Pennsylvania.

                                    GOLD, BUTKOVITZ & ROBINS, P.C.


                                    BY:  /s/ Alan S. Gold
                                         ALAN S. GOLD
                                         Attorney for Defendant,
                                         Ralph Smith, M.D.
                                         7837 Old York Road
                                         Elkins Park, PA 19027
                                         (215) 635-2000

DATE: August 15, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

STRATTON NEAL PEAY,            :
                                CIVIL ACTION
        v.                      :   NO. 02-2688

SUPERINTENDENT DONALD VAUGHN,
JULIE KNAUER, RALPH W. SMITH,  :
SGT. THOMAS and CORRECTIONAL
HEALTH CARE, INC.              :

## MOTION OF RALPH W. SMITH, M.D. FOR SUMMARY JUDGEMENT

Ralph W. Smith, M.D. ("Smith") respectfully requests that his Motion for Summary Judgement be GRANTED as to all claims in the Amended Complaint of Plaintiff Stratton Neal Peay ("Peay) and states in support thereof the following;

1. Peay an inmate at the State Correctional Institution at Graterford (SCI-Graterford) has filed an Amended Complaint against Smith, Superintendent Donald Vaughn, Julie Knauer, Sgt. Thomas and Correctional Health Care, Inc. contending that they engaged in various violations of the Eighth Amendment of the United States Constitution by failing to investigate properly and treat allegations of sexual assaults and by failing to provide appropriate medical care to him. A copy of the Amended Complaint is attached hereto as Exhibit "A" paragraph.

2. While incarcerated at SCI-Graterford Peay contends that another inmate drugged and sexually assaulted him in August 2001. See Complaint, Ex. "A", ¶17. He alleges that he reported the sexual assault to Vaughn and to Smith and requested an investigation. See Exhibit "A"¶18. No investigation took place.

3. After the assault he asserts that he began to experience abdomen problems including a bleeding rectum, constipation, stomach pain and nausea. Ex. "A",

¶20

4.    Peay admits that he suffered many of these symptoms before the assault. See page 19 of deposition.  A copy of Peay's deposition is attached hereto as Exhibit "G".

5.    Peay asserts that he requested treatment from Smith but was denied it. See Ex. "A", ¶20 In November 2001, prison officials removed him to the restricted housing unit ("RHU") for disciplinary reasons.  Ex. "A", ¶22.

6.    Prison officials released him from the RHU in March 2002 but returned him in June 2002 for disciplinary reasons Ex. "A", ¶23.

7.    He contends that he did not receive adequate treatment for his mental problem. Ex. "A", ¶'s 25and 26

8.    He asserts that Smith engaged in deliberate indifference towards his abdominal problems in violation of the Eights Amendment of the United States Constitution and engaged in deliberate indifference to his mental problems in violation of the Eighth Amendment of the United States Constitution.  See Ex. "A", ¶'s 32 & 32

9.    Peay also contends that Smith placed Peay in the RHU. Ex. "A", ¶33.

10.    Peay contends that he did not receive adequate treatment for his mental problems. (Exs. "A", ¶25 and 26)  He asserts that Smith engaged in deliberate indifference towards his abdominal problems in violation of the Eighth Amendment of the United States Constitution and engaged in deliberate indifference to his mental problems in violation of the Eighth Amendment of the United States Constitution.  (See Exs. "A", ¶31 & 32.)    Peay also contends that Smith placed Peay in the RHU.  (Exhibit "A", ¶33)

11.    Smith seeks summary judgement on three different grounds, each of which independently supports his motion.  First, Smith seeks summary judgement based

on the failure of Peay to submit sufficient evidence to support a jury verdict in his favor on the issue of deliberate indifference to a serious medical need. The Supreme Court of the United States in <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970 (1994) defined deliberate indifference for purposes of a cause of action brought pursuant to 42 U.S.C. §1983 as requiring subjective knowledge by a medical professional that his conduct or lack of conduct presented a substantial risk of serious harm to the plaintiff. Subjective knowledge on the part of the defendant must exist. Here no evidence exists of such subjective knowledge. Smith provided constant care to Peay as shown by the medical records. See Ex. "B. The medical records state that other doctors also examined Peay on a regular basis and came to the same conclusion concerning his care as did Smith. See Ex. "B", medical records

12. No indication exists that Smith ever knew that his conduct presented a substantial risk of harm to Peay. No indication exists that his conduct did present a substantial risk of harm to Peay. No evidence exists that Peay received anything but superior medical care from Smith.

13. At best Peay presents a disagreement with the medical care he received. He demands surgery. Smith and the other doctors that treated him state that he does not need surgery and that no basis exists for performing surgery upon him. Thus, Peay only sets forth a difference of opinion with Smith. At best he alleges negligence not deliberate indifference. Negligence never establishes a cause of action pursuant to 42 U.S.C. §1983 See <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Disagreement with medical care fails to support a cause of action based on deliberate indifference. <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754 (3d Cir. 1979).

14. A second reason exists which requires the granting of Smith's Motion for

Summary Judgement. Peay has failed to present sufficient evidence of a serious medical need. To establish a serious medical need in the factual situation presented by Peay's claim, Peay must submit expert testimony concerning the seriousness of his condition. The conditions about which he complains fail to constitute the kind of problems about which a lay jury can determine on its own whether the level of seriousness required exists to state a cause of action pursuant to the Eighth Amendment of the United States Constitution. In Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) the United States Court of Appeals for the Third Circuit held that a plaintiff prisoner complaining about medical care based on the Eighth Amendment failed to state a claim sufficient to support a jury verdict when he did not present expert testimony concerning the seriousness of a hernia. That analysis applies here and requires the granting of summary judgement to Smith. Peay has no expert testimony.

15. A third reason exists which requires the granting of summary judgement to Smith. Peay has not established his exhaustion of administrative remedies pursuant to 42 U.S.C. §1997e(a). The Department of Corrections of the Commonwealth of Pennsylvania provides a three-tiered procedure for complaints of inmates relating to medical care. The procedures appear at DC-ADM804. A copy of those procedures are attached as Ex. "C". Pursuant to those procedures an inmate may include a request for compensation. An examination of the grievances of Peay show that he has never sought compensation pursuant to the administrative process. The majority of courts to deal with this issue have concluded that the failure to seek compensation through the administrative process constitutes a failure to exhaust administrative remedies and results in the granting of summary judgement to the defendant or the dismissal of the Complaint. See Amey v. Rush N.o. 3:CV-02-1493 (M.D. Pa. 2003) (Nealon, J.); A copy

of the opinion appears hereto as Ex. "D".  See Still v. Department of Corrections, et al., N.o. 4: CV-01-2287 (M.D. Pa. 2002) (Jones, J); A copy of this opinion appears hereto as Ex. "E".

WHEREFORE, Ralph W. Smith, M.D., respectfully requests that his Motion for Summary Judgement against Stratton Neal Peay be GRANTED.

                              GOLD, BUTKOVITZ & ROBINS, P.C.

BY:    /s/ Alan S. Gold
       ALAN S. GOLD
       Attorney I. D. No.: 23400
       Attorney for Defendant,
       Ralph Smith, M.D.
       7837 Old York Road
       Elkins Park, PA 19027
       (215) 635-2000