IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PENNSYLVANIA INSTITUTIONAL
   LAW PROJECT**
**By: Angus R. Love, Esquire**
**Identification No. 22392**
**Suite 523, 924 Cherry Street**
**Philadelphia, PA 19107**
**Telephone: (215) 925-2966**
**Facsimile : (215) 925-5337**                          **Attorney for Plaintiff**

| | |
|---|---|
| Stratton Neal Peay, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| vs. | : NO. 02-2688 |
| | : |
| Superintendent Donald Vaughn, Julie Knauer, Ralph W. Smith, Sergeant Thomas, and Correctional Health Care, Inc., | : : : |
| | : |
| Defendants. | : |

**PLAINTIFF PEAY'S RESPONSE TO
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

I.   **INTRODUCTION**

Plaintiff Stratton Peay filed a civil rights complaint pursuant to 42 U.S.C. §1983 against various officials at the State Correctional Institute at Graterford, Pennsylvania. He alleged violations of his First, Fifth, Eighth and Fourteenth Amendment rights. Specifically he alleges he was sexually assaulted, that the officials failed to prevent the assault and that he has been given inadequate medical and mental health care. He further alleges violations of his due process rights when placed in restricted housing. He also alleges that the transfer to said housing was in retaliation for filing the lawsuit. After filing a Motion for

Appointment of Counsel, Angus Love, Esquire, was appointed to represent Plaintiff Peay. Defendants Smith, Vaughn, Knauer and Correctional Health Care have moved for Summary Judgment. This is Plaintiff's response to those motions.

## II. **FACTS**

Plaintiff Peay incorporates by reference Defendant Vaughn's Factual Summary. (P1-14 of Defendant Vaughn's Motion for Summary Judgment).

## III. **LEGAL ARGUMENT**

Plaintiff Peay cannot establish material facts at issue with a corresponding legal theory necessary to survive summary judgment. Plaintiff Peay opposed the issuance of an order pursuant to Federal Rule of Civil Procedure 12(b)(6) after defendants filed a Motion to Dismiss. This was based upon the legal standard for Federal Rule of Civil Procedure 12(b)(6) that accepts statements made in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232 (1974). The court denied said motion to dismiss.

All parties have now had the benefit of the discovery process. Plaintiff Peay has been deposed and all his prison records have been produced, including his medical records. Said records have been reviewed by qualified medical personnel. With the benefit of this additional information, Plaintiff's counsel has been unable to corroborate Peay's allegations. As such they stand solely on the basis of his credibility. Given his deposition that credibility is in question. As such, no material fact at issue can be argued.

The only claim with arguable merit involves the need for mental health treatment. Plaintiff Peay has waivered on this issue negating a deliberate indifference argument. He has alleged the need for such only to deny it at a later date. He has been referred for such treatment but did not follow through. As such we encourage Defendants to thoroughly

2

review his need for mental treatment but do not allege that they are deliberately indifferent to such.

## IV.     CONCLUSION

For the aforementioned reasons, Plaintiff Peay takes no position on all Defendants Motions for Summary Judgment.

Respectfully submitted,

**Pennsylvania Institutional Law Project**

By: _____
Angus Love, Esquire, I.D. #22392

924 Cherry St., Ste. 523
Philadelphia, PA 19107
(215) 925-2966 (Telephone)
(215) 925-5337 (Facsimile)

Date:     Attorney for Plaintiff