IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STRATTON NEAL PEAY             :       CIVIL ACTION
                                       :
           v.                    :
                                       :
DONALD VAUGHN, JULIE KNAUER,      :
RALPH SMITH, SERGEANT THOMAS, and :
CORRECTIONAL HEALTH CARE, INC.      :       NO.  02-2688

**<u>MEMORANDUM AND ORDER</u>**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                             September 2, 2003

         In this civil rights suit, plaintiff make five allegations: (1) that Ralph Smith, M.D.,

Julie Knauer, the prison medical administrator, and Correctional Health Care, Inc. violated his

Eighth Amendment right to be free from cruel and unusual punishment by their deliberate

indifference to his medical problems and mental health needs; (2) that Superintendent Vaughn,

Ms. Knauer, and Dr. Smith failed to properly investigate plaintiff's allegations of sexual assault,

constituting deliberate indifference to a medical problem; (3) that his placement in the Restricted

Housing Unit, ("RHU"), despite his medical and mental health needs constitutes a violation of

his Due Process rights; (4) that Superintendent Vaughn's placement of him in the RHU

constitutes a violation of the First Amendment because it was done in retaliation for Mr. Peay's

filing suit; and (5) that Sergeant Thomas failed to take reasonable steps to protect him from a

known danger.

         Presently before the court are two motions for summary judgment.  The first was

filed by Dr. Smith and the second by Vaughn, Knauer, and Thomas, collectively known as the

State Defendants.  Because the plaintiff has failed to proffer any evidence tending to show that a

genuine issue of material fact exists as to any of these allegations, and upon our finding that the

record in this case shows that all defendants are entitled to judgment as a matter of law, the motions for summary judgment will be granted. Judgement will be entered against the plaintiff and in favor of all defendants.[1]

## I. Factual Background

According to the Plaintiff's Complaint, in August, 2001, he complained to Sergeant Thomas that he felt threatened by his cellmate and requested the he or the cellmate be transferred. Sergeant Thomas allegedly ignored Mr. Peay's complaints. Shortly thereafter, Plaintiff claims that he was drugged and sexually assaulted by his cellmate. He claims to have reported the incident to Superintendent Vaughn and Dr. Smith and requested that the incident be investigated. Shortly thereafter, Mr. Peay claims that he began experiencing abdominal problems including a bleeding rectum, constipation, stomach pain, and nausea. He claims that Dr. Smith and Administrator Knauer both denied him treatment for these ailments.

## II. Legal Standard

Summary judgment is warranted where the pleadings and discovery, as well as any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pr. 56. The moving party has the

---

[1]    Although Correction Health Care, Inc. has not moved for summary judgment, it is nonetheless entitled judgment as a matter of law. Plaintiff has made no allegations against this entity that are independent of the allegations against the individuals whom plaintiff claims were employed by Correction Health Care, Inc. Since these individuals are entitled to summary judgment, no basis remains for holding the corporate defendant in this case.

burden of demonstrating the absence of any genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).   In response, the non-moving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986); <u>Celotex Corp. v. Catrett</u>, <u>supra</u> at 325; <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989).  In the present case, Mr. Peay has failed to include anything in his reponse to the summary judgment motions, upon which the court could base a finding that there exists a genuine issue of fact concerning the accuracy of any of the records presented by the defendants in support of their motions.

### III.  Discussion

#### A.  Dr. Smith's Motion

In Dr. Smith's motion, he seeks summary judgment for three reasons: Mr. Peay has failed to support his claims with expert testimony; there is insufficient evidence to establish that Dr. Smith acted with subjective knowledge that his conduct presented a substantial risk of harm; and the claim against him was not administratively exhausted.  We need only address the second argument.

In order to succeed on his Eighth Amendment claim against Dr. Smith, Mr. Peay will have to establish that Dr. Smith was deliberately indifferent to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-04 (1976).  At this stage, Dr. Smith claims that he is entitled to summary judgment because the Plaintiff has failed to present the court with any evidence to

suggest that Dr. Smith failed to administer proper medical treatment to the plaintiff, much less that he did so with deliberate indifference.  We agree.

As noted above, plaintiff's response to the motions for summary judgment is devoid of *any* evidence tending to discredit the medical records submitted by the defense.  These records show that Mr. Peay was treated for every complaint he made, no matter how trivial.  While Mr. Peay may believe, as a layman, that his medical treatment was inadequate, in the absence of any expert testimony to support these beliefs, no reasonable jury could conclude that the defendants were deliberately indifferent to Peay's medical needs.  See <u>Boring v. Kozakiewicz</u>, 833 F. 2nd 468 (3rd Cir. 1987).

Dr. Smith also seeks summary judgment on Mr. Peay's allegation the Dr. Smith violated his Eighth Amendment rights by transferring him to the Restricted Housing Unit.  Mr. Peay has failed to present any evidence establishing that Dr. Smith had any ability to make or influence a decision to transfer him to the RHU.  According to the Declaration of Julie Knauer, the Health Care Administrator for Graterford, Dr. Smith was the Medical Director of Graterford during the relevant period.  He was employed by a contracted medical employer, not the Department of Corrections.  (Declaration of Knauer, at ¶3, Declaration of Smith, at ¶2).  Since Mr. Peay has failed to support this allegation with any evidentiary support, we will grant Dr. Smith's motion to the extent Mr. Peay claimed the transfer to the RHU violated his constitutional rights.

<u>B.  The State Defendants' Motion</u>

<u>1.  Eleventh Amendment Immunity</u>

_____First, the State Defendants argue that the Eleventh Amendment bars Mr. Peay's claims for damages against the Commonwealth defendants in their official capacities.  We agree. State officials are entitled to Eleventh Amendment immunity for money damages in their official capacities.  See Hafer v. Melo, 502 U.S. 21 (1991); Will v. Michigan Deparment of State Police, 491 U.S. 58, 70-71 (1989); Corey v. White, 457 U.S. 85 (1982).  Since the Department of Corrections is a state agency, all of its employees, acting in their official capacities, are protected by the Eleventh Amendment.  Therefore, to the extent Mr. Peay seeks monetary damages from the State Defendants in their official capacities, judgment will be entered in favor of the state defendants.

### 2.  Sergeant Thomas

Mr. Peay brings a claim against Sergeant Thomas, alleging that Sergeant Thomas failed to protect Mr. Peay from his cellmate.  In their motion for summary judgment, the State Defendants point out that Mr. Peay never filed a grievance concerning Sergeant Thomas's actions or inaction.  As previously discussed, failure to exhaust administrative remedies is fatal to a claim in a civil rights suit of this type.  42 U.S.C. § 1997e(a).

Reviewing the "Inmate Grievances" provided when Judge Dalzell considered the Motion to Dismiss and the Responses to Grievances attached to the State Defendants' Motion for Summary Judgment, reveals that Mr. Peay's grievances, one of which was appealed to the final stage, focus on his medical treatment.  In none of the grievances or responses is there mention of Sergeant Thomas or any complaint about an attack by Peay's cellmate.

It appears from an "Inmate's Request to Staff Member," dated December 2, 2001, that Mr. Peay did file a grievance concerning "problems with staff," but it was returned to him by

5

Leslie Hatcher, the Grievance Coordinator.  Since Mr. Peay states that the grievance refers to

harassment from the staff at Graterford, not any failure on their part to protect him, and the fact

that he submitted this grievance nearly four months after he allegedly complained to Sergeant

Thomas about his cellmate and was allegedly assaulted, it is clear that this grievance is not

relevant to the allegations against Sergeant Thomas.  Moreover, Mr. Peay never followed up on

this grievance or filed another complaining about the staff, other than his medical treatment.

Therefore, it is clear that the claim against Sergeant Thomas is unexhausted and we will enter

judgment in his favor.

### 3. Investigation of Sexual Assault

Plaintiff claims that Vaughn, Knauer and Smith all failed to investigate properly

Peay's claim that he was sexually assaulted by his cell mate.  We note, first, that Peay never filed

a grievance concerning any such assault.  In fact, the only mention of it in any of the medical

records provided to the Court occurs in the sick call notes of 3/27/02, in which plaintiff

mentioned a "rape incident."  The next notation on the page states that this incident was

"responded to," on the same day.  Plaintiff has failed to proffer any evidence to suggest that this

response was inadequate.  In fact, he has not even claimed that the assault resulted in any injury.

When specifically asked during his deposition whether he had any physical problems as a result

of the alleged assault, Mr. Peay said: "I ain't going to say I did, I ain't going to say I didn't, you

know what I'm saying." (Plaintiff's Deposition at 17:3-4)

Moreover, there is no basis on this record for any reasonable jury to conclude that

a sexual assault ever occurred in the first place.   Plaintiff himself admitted during his deposition

that his cell mate never threatened him. (Id. at 8:3-8).  And his testimony about the "rape" itself

6

simply defies belief.  He claimed to have no actual recollection of it, so he concluded that his cell

mate must have drugged him first. (Id. at 11:16 to 13:10).  The basis for his claim that prison

officials knew of the assault, nonetheless, was that they were "laughing about it and all of that.

So, you know what I mean, they knew what happened to me.  They had the names." (Id. at 14:3-

5).  At one point in the deposition, Mr.Peay, again with no evidentiary support whatsoever,

actually accused the guards of setting up the rape. (Id. at 18:7-12).  In sum, plaintiff has totally

failed to proffer any evidence either of the rape itself or of the defendants' failure to investigate it.

### 4.  Medical Treatment

With respect to Mr. Peay's claims regarding medical treatment, he claims only

that Dr. Smith and Medical Administrator Knauer were deliberately indifferent to his medical

needs.  (Amended Complaint, at ¶¶ 31-32).   For the reasons stated above in connection with Dr.

Smith's motion on this issue, the State Defendants are likewise entitled to judgment in their

favor.

### 5. Placement in the RHU

Plaintiff makes two claims concerning his placement in the Restricted Housing

Unit.  First, that Vaughn, Knauer and Smith placed him in RHU despite his medical and mental

health needs; and second, that Vaughn also did so in retaliation for Peay's filing grievances and

this lawsuit.

Plaintiff has proffered no evidence, whatsover, to show that Knauer or Smith had

any input into the decision to place Peay in RHU, nor even that they could have had such input.

Likewise, the record is devoid of any support for the proposition that Superintendent Vaughn had

personal knowledge either of Peay's medical needs or his First Amendment activities.  Absent

some evidence to show that an individual defendant personally performed, directed, or

knowingly participated in an illegal act, such individuals cannot be held liable for civil rights

violations. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195 (3rd Cir. 1988)

       An appropriate ORDER follows.


<u>O R D E R</u>


       AND NOW, this 2nd day of September, 2003, upon consideration of Defendants'

Motions for Summary Judgment, and Plaintiff's responses thereto, it is hereby ORDERED that

Defendants' Motions for Summary Judgment are GRANTED;  and it is further

       ORDERED that JUDGMENT IS ENTERED in this case against the Plaintiff and

in favor of all Defendants.  The Clerk of Court is hereby directed to close this case for statistical

purposes.


       BY THE COURT:


_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE